IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02607-BNB

RODNEY RAY ZIMMERMAN,

      Plaintiff,

v.

ARISTEDES W. ZAVARAS,
JOHN DOE, C.E.O. of Pysicians [sic] Health Partner,
PAUL L'HERAULT,
MR. SINGH,
CATHIE HOLST,
RENEE MARTINEZ,
MRS. CROUNK,
MR. KLENKE,
MRS. YARD,
JIM CREANY,
KATHLEEN BOYD,
SEAN MOORE,
LT. ON DUTY 9-26-08 AM,
NURSE ON DUTY 9-26-08 AM,
MR. GIFFORD, and
JERRY STEELE, all sued in both their personal and proffesional [sic] capacities,

      Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 0 4 2011

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

      Plaintiff, Rodney Ray Zimmerman, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado State Penitentiary in Cañon City.  Mr. Zimmerman filed *pro se* a complaint in which he fails to assert jurisdiction.  He asks for money damages and injunctive relief.  He has been granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

The Court must construe Mr. Zimmerman's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Zimmerman will be directed to file an amended complaint.

Because Mr. Zimmerman failed to use all pages of the Court-approved Prisoner Complaint form, he failed to assert the jurisdictional basis for his complaint. The twenty-four-page complaint consists of sixteen claims of cruel and unusual punishment under the Eighth Amendment to the United States Constitution asserted against sixteen defendants. The primary thrust of Mr. Zimmerman's claims is that he did not receive proper medical treatment in 2008, when he apparently was incarcerated at the Fremont Correctional Facility in Cañon City, Colorado.

In his first claim, asserted against Ari Zavaras, he complains that the prison's medical insurance policy compensates medical personnel for not ordering medical tests or medical care and requires a $5.00 copayment from inmates to discourage medical treatment. In his second claim, he makes vague allegations that an unknown chief executive officer of Physician's Health Partners is responsible for the allegedly illegal insurance policy. In his third claim, he apparently asserts that Dr. Paul L'Herault ignored his medical orders and restrictions, changed his medications, and assigned him to a top bunk, from which he fell and injured himself on May 12, 2008.

In his fourth claim, he complains that Dr. Singh, the prison's chief medical officer, ignored his grievance of March 19, 2008, letter of March 27, 2008, asking for reinstatement of his medical restrictions for a lower bunk and for his prescription pain

2

medications, resulting in his suffering physical injuries.  As his fifth claim, he makes the
vague allegation that Cathie Holst, American With Disabilities Act coordinator, is
responsible for his fall from the top bunk to which he was assigned and for his
subsequent injuries.  Claim six makes the vague allegation that Renee Martinez, a
prison health services administrator, ignored his numerous grievances and letters
asking for her intervention concerning his medical restrictions and prescription pain
medications.

Although his seventh claim is generally unintelligible, Mr. Zimmerman appears to
allege that on July 3, 2008, Mrs. Crounk denied him orthopedic shoes and his medically
prescribed back brace.  As his eighth claim, he alleges that, on April 14, 2008, Mr.
Klenke, a nurse practitioner, denied him pain medication because of the availability of
Motrin at the commissary and refused to honor his low-bunk restriction, contributing to
his fall on May 12, 2008.  He also contends that on August 6, 2008, Mr. Klenke was
hostile about his use of the prison grievance procedure and denied him pain medication
and an extra mattress.

As his ninth claim, he maintains that Mrs. Yard never acknowledged his need for
orthopedic shoes and a back brace in order to utilize his one hour of out-of-cell
recreation.  He also makes the general allegation that he was denied legal property on
three occasions while in segregation, causing an ongoing lawsuit to be dismissed.  He
fails to identify against whom this allegation is directed.  As his tenth claim, the only
claim also asserted pursuant to the Americans With Disabilities Act, he contends that,
on May 20, 2008, after he fell out of a top bunk on May 12, 2008, Doctor Creany

conducted a deficient medical evaluation and refused to allow him to retain a back brace or to investigate his medical restrictions.

In claim eleven, he complains that the examination by Kathleen Boyd, the duty nurse who evaluated his medical condition after he fell out of the top bunk on May 12, 2008, was inadequate. He complains that Ms. Boyd merely ordered a bag of ice and stretching exercises. In claim twelve, he contends that on September 26, 2008, Sean Moore tackled him without provocation and, while he was on the ground, jumped on his lower back and right leg causing him intense pain. In claim thirteen, he complains that an unknown supervisor on duty on September 26, 2008, when he was assaulted by Sean Moore, failed to intervene to protect him from unnecessary pain and injury.

In claim fourteen, he asserts that on September 26, 2008, an unknown nurse on duty examined him after the assault and denied him proper medical care. As his fifteenth claim, he alleges that, after filing grievances concerning the denial of his pain medication and medical restrictions, he was retaliated against by being placed in the Intensive Labor Program (I.L.P.) under the supervision of Sergeant Gifford, who denied his request for a different assignment and who fired him from the I.L.P. after he collapsed on the job. As his sixteenth and final claim, he alleges that on May 22, 2008, Jerry Steele, head of mental health services at the Fremont Correctional Facility, cancelled his Wellbutrin, subjecting him to painful side effects for two days resulting from drug withdrawal.

Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G. The complaint Mr. Zimmerman has filed is difficult to read because it is

4

single-spaced and written in all capital letters.  The amended complaint Mr. Zimmerman

will be directed to file, if handwritten, shall be double-spaced and written legibly, in

capital and lower-case letters.

Mr. Zimmerman's complaint also fails to comply with the pleading requirements

of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are

to give the opposing parties fair notice of the basis for the claims against them so that

they may respond and to allow the court to conclude that the allegations, if proven,

show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas*

*City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir.

1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.

*See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D.

Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain

statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement

of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief

sought . . . ."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides

that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a)

and (d)(1) underscore the emphasis placed on clarity and brevity by the federal

pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of

Rule 8.  In order for Mr. Zimmerman to state a claim in federal court, his "complaint

must explain what each defendant did to him or her; when the defendant did it; how the

defendant's action harmed him or her; and, what specific legal right the plaintiff believes

the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Zimmerman fails to set forth a short and plain statement of his claims showing that he is entitled to relief. The complaint is verbose, repetitive, and vague. Mr. Zimmerman fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). As a result, the Court finds that the complaint is unnecessarily wordy. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Zimmerman will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. Mr. Zimmerman is reminded that it is his responsibility to assert the jurisdictional basis for all of his claims and to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

In the amended complaint he will be directed to file, Mr. Zimmerman must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Zimmerman must name and show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on

6

a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Zimmerman may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Zimmerman uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Zimmerman, therefore, will be directed to file an amended complaint that is filed on the Court-approved complaint form and legible to read, and that alleges the basis for the Court's jurisdiction, the asserted claims clearly and concisely, what rights were violated, and specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Rodney Ray Zimmerman, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Zimmerman, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form, one of which is to be used in submitting the amended complaint. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Zimmerman fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that the request for entry of default that Mr. Zimmerman filed on November 30, 2010 (document no. 8), is denied.

DATED January 4, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02607-BNB

Rodney Ray Zimmerman
Prisoner No. 135354
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

I hereby certify that I have mailed **two copies of the ORDER and two copies of the Prisoner Complaint Form** to the above-named individuals on January 4, 2011.


GREGORY C. LANGHAM, CLERK


By:_____
                    Deputy Clerk